FILED

FEB 1 7 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STERLING SAVINGS BANK, a
Washington Stock Savings bank,

        Plaintiffs,

      v.

JHM PROPERTIES, LLC, an Oregon
limited liability company, JAMES
GEORGE, JAY MOSES, and MARY JO
MOSES,

        Defendants,

No. 3:09-452-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

Currently before the court is plaintiff Sterling Savings Bank's ("Sterling") motion for

summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(c). Sterling originally

brought this action on April 23, 2009, seeking judicial foreclosure of a deed of trust against

FINDINGS AND RECOMMENDATION      1                              *{TDW}*

defendant JHM Properties, LLC ("JHM").  In addition, Sterling alleges breach of guaranty against defendants James George, Jay Moses, and Mary Jo Moses.  Defendants JHM, Jay Moses, and Mary Jo Moses (collectively, the "JHM Defendants") allege several affirmative defenses, including: breach of contract, breach of good faith and fair dealing, estoppel, failure to state a claim, and unclean hands.  The court concludes that Sterling's motion should be granted because there is no genuine issue of material fact that the JHM Defendants defaulted on the loan and on the guaranty, and because the JHM Defendants' affirmative defenses fail as a matter of law.  Accordingly, Sterling's motion for summary judgment should be GRANTED.

*Background*

Sterling is a Washington stock savings bank whose principal offices are located in Washington.  (Compl. ¶ 1.)  Defendants James George, Jay Moses, and Mary Jo Moses are citizens of Oregon.  (Compl. ¶ 1.)  JHM is an Oregon limited liability company with its principal place of business in Oregon.  (Compl. ¶ 1.)  Jay Moses is the sole member and manager of JHM.  (Moses Dep. 13:5-:10.)

On November 27, 2006, JHM executed and delivered to Sterling a promissory note in the original amount of $4,387,500 (the "Note").  (Dresser Decl. Ex. 1; Moses Dep. 13:17-14:4.)  On November 26, 2007, JHM executed and delivered to Sterling a deed of trust (the "Deed of Trust") on certain real property given to secure the Note.  (Dresser Decl. Ex. 2; Moses Dep. 16:6-:19.)  Sterling is now the owner and holder of the Note and Deed of Trust.  (Compl. ¶ 4.)  Sterling contends the Note and Deed of Trust are now in default for JHM's failure to pay the sums due and to otherwise comply with the terms of the Note and Deed of Trust.  (Compl. ¶ 5.)

On November 27, 2006, defendant James George executed and delivered to Sterling a

FINDINGS AND RECOMMENDATION          2                              *{TDW}*

guaranty absolutely and unconditionally guaranteeing payment of all sums owed by JHM to Sterling (the "George Guaranty"). (Dresser Decl. Ex. 5.) On November 27, 2006, defendants Jay Moses and Mary Jo Moses executed and delivered to Sterling a guaranty absolutely and unconditionally guaranteeing payment of all sums owed by JHM to Sterling (the "Moses Guaranty"). (Dresser Decl. Ex. 4; Moses Dep. 17:23-18:7.)

JHM has failed to pay the interest accruing on the Note from and after April 1, 2008, and has failed to pay the balance of the Note when it was due in full on November 1, 2008. (Dresser Decl. ¶ 8.) The balance of the Note is $4,150,013, which includes accrued interest and late charges through November 30, 2009, together with accruing interest at the rate of 11.5% per annum from December 1, 2009 until paid. (Dresser Decl. ¶ 8.)

In their answer to Sterling's complaint, the JHM Defendants have raised several affirmative defenses.[1] First, the JHM Defendants allege a breach of contract by Sterling for failing and refusing to make timely disbursements to fund the development of the property. (Answer ¶ 22.) Second, the JHM Defendants allege Sterling breached the implied covenant of good faith and fair dealing by delaying its approval of a set aside letter or agreement.[2] (Answer ¶ 24.) The JHM Defendants also allege that Sterling failed to make timely disbursements, thereby preventing them from developing and eventually selling portions of the property. (Answer ¶ 26.) Thus, the JHM Defendants contend Sterling is estopped from asserting a breach of contract on the Note. (Answer ¶ 26.) Finally, the

---

[1] Defendant George incorporates by reference and realleges the JHM Defendant's affirmative defenses, with the addition of a defense for lack of consideration. (George Answer ¶¶ 6-22.)

[2] A set aside letter or agreement in the real estate development business is an agreement in lieu of a surety bond whereby a bank or other lender allocates a portion of its loan funds to cover a contingent obligation due to a city or other municipality for public improvements. (Dresser Decl. ¶ 17.)

FINDINGS AND RECOMMENDATION          3                                    {TDW}

JHM Defendants raise the defenses of failure to state a claim for which relief can be granted and unclean hands, which are also based on the alleged conduct of Sterling as mentioned above. (Answer ¶¶ 27-28.)

## Legal Standard

Summary judgment is appropriate "if pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn,

summary judgment is inappropriate. *Sankovick v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Preliminary Procedural Matters*

A. The Declaration of David Dresser

In support of the motion for summary judgment, Sterling submitted the declaration of Dave Dresser ("Dresser"), a vice president and custodian of records for Sterling. The JHM Defendants object to Dresser's declaration on the ground it is signed with an electronic signature. Sterling contends Dresser's declaration is signed in the form required by the Oregon District Court Local Rules ("Local Rules") pertaining to signature requirements on electronic filings.

It is evident Dresser's declaration complies with all relevant Local Rules. Local Rule 11-1(c) states: "Documents containing the signature of a Non-Registered User are to be filed electronically with the signature represented by an "s/" and the name typed in the space where a signature would otherwise appear." In this case, Dresser's declaration was signed "/s/ David Dresser," and counsel for Sterling has retained the declaration with a cursive signature. This complies with Local Rule 100-11, which provides: "Electronically filed documents such as affidavits or declarations under

penalty of perjury that contain original signatures must be maintained in their original paper form."

Accordingly, the JHM Defendants' objection to the Dresser Declaration is overruled on this ground.

In addition, JHM Defendants object to the declaration on the grounds that "nowhere in the Dresser declaration does it establish that Dresser has personal knowledge of the statements asserted." (Defs.' Mem. in Supp. of its Resp. Pl.'s Mot. Summ. J. ¶ 3.)  This assertion lacks merit, as the opening line of Dresser's declarations states: "I, DAVID DRESSER, being first duly sworn, depose and say that I am a vice president with Sterling Savings Bank, and if called to testify in a court of law could and would testify from **my own personal knowledge** as follows." (Dresser Decl. ¶ 1, emphasis added.)  This objection therefore is overruled.

Finally, JHM Defendants object to Dresser's declaration on the grounds that it contains inadmissible hearsay.  The JHM Defendants contend that Dresser's declaration is deficient because it does not provide supporting documentation of the alleged amounts owed on the Note.  Rather, Dresser's declaration simply states, "the facts stated in this declaration are supported by Sterling's business records." (Dresser Decl. ¶ 2.)  The JHM Defendants contend that if Sterling intends to offer business records under Federal Rules of Evidence 803(6) and 902(11), then it must provide written notice of such intent to allow the adverse party a fair opportunity to challenge the records.

However, the Court need not address this objection because the documents submitted by the JHM Defendants show the amount owed without need to refer to the Dresser declaration.  Attached to the deposition of Jay Moses is a statement from Action Mortgage, a Sterling subsidiary, for the period ending March 31, 2008. (Moses Dep. Ex. 4 at 1.)  That statement shows a principal balance for the loan as of March 31, 2008 of $3,317,351.37. (Moses Dep. Ex. 4 at 1.)  It also shows interest due as of March 31, 2008 of $11,390.18, and an interest rate of 6.25%. (Moses Dep. Ex. 4 at 1.)

Upon default for failure to pay the March 31, 2008, interest payment of $11,390.18, the interest rate increased an additional 5% to the default rate, in accordance with the terms of the Note. (Dresser Decl. Ex. 1 at 2.) Simple math shows that $634,075 in simple interest (not compounded) had accrued between April 1, 2008, and November 30, 2009 (including the $11,390.18 interest due March 31, 2008). On its face, the Note was due in full November 1, 2008. (Dresser Decl. Ex. 1 at 1.) When it was not paid, a late charge of 5% of the principal was also due. (Dresser Decl. Ex. 1 at 2.) That amount is $198,587 and Sterling has not accrued interest on that amount. (Pl.'s Reply Mem. in Supp. of Mot. for Summ. J. ¶ 5.) The total due on the Note, according to evidence produced by the JHM Defendants, is $4,150,013. ($3,317,351 Principal + $634,075 Accrued Interest + $198,587 Late Charge).

In short, all the material information provided in Dresser's declaration is present in the record through the loan documents the JHM Defendants submitted. Accordingly, this objection is overruled.

## B. The Declaration of Jay Moses

Sterling contends the declaration of Jay Moses contradicts his earlier deposition testimony and is therefore "sham." The Ninth Circuit has held that an issue of fact cannot be created by an affidavit that contradicts prior deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975). *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d 262, 266-67 (9th Cir. 1991), subsequently limited that holding, explaining that:

> The *Foster-Radobenko* rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portion of earlier deposition testimony. Rather, the *Radobenko* court was concerned with 'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment. Therefore, before applying the *Radobenko* sanction, the district

court must make a factual determination that the contradiction was actually a 'sham.'

The Court does not find that Jay Moses's declaration "flatly contradicts" his earlier deposition testimony, nor does the Court find that Moses's affidavit testimony is a "sham." Sterling points out that in his deposition Moses testified that Sterling's alleged delay was in the handling of the surety bond requests. (Moses Dep. 134:22-135:1.) Sterling then contends that Jay Moses states in his declaration that Sterling's alleged delay pertained to a set aside letter or agreement. However, counsel for Sterling does not cite, nor does the Court find, any relevant portion of Jay Moses's declaration that support this contention. In fact, the Jay Moses declaration is consistent with his deposition, as they both show his apparent confusion over whether he was claiming to talk about a surety bond request or set aside letter. Therefore, the Court does not find that Jay Moses's declaration is "sham."

C. Parol Evidence

Jay Moses's purported oral agreement with Dresser regarding depletion of the interest reserve is barred Oregon's parol evidence rule. Both parties agree that the terms of the written agreements exclusively govern this transaction. (Pl.'s Reply Mem. in Supp. of Mot. for Summ. J. ¶ 5; Defs.' Concise Statement of Facts and Objections to Pl.'s Facts at 2.) Sterling contends the Note, Deed of Trust, and Development and Construction Loan Agreement (collectively "the Loan Documents") are fully integrated documents. A writing is fully integrated if a reasonable person under the circumstances would have understood the writing or group of writings to be a complete and exclusive expression of all the terms of their agreement. *Wescold, Inc. v. Logan Intern., Ltd.* 120 Or. App. 512, 520 (1993). If the court concludes a contract is fully integrated, then the parties may not offer extrinsic evidence of the existence of additional terms not contained in the writing. *Id.* at

FINDINGS AND RECOMMENDATION          8                                    {TDW}

521.  A writing that is facially complete creates a presumption that it was intended to be a complete integration. *Hatley v. Stafford*, 284 Or. 523, 535 (1978).  That presumption may be overcome only by "substantial evidence that the parties did not intend that the writing embody their entire agreement." *Id.*

In this case, the loan documents constitute a fully integrated contract.  Section 11.22 of the Development and Construction Loan Agreement § 11.22 specifically provides:

> The loan documents contain or expressly incorporate by reference the entire agreement of the parties with respect to the matters contemplated therein and shall supersede all prior negotiations or agreements, written or oral.  The loan documents shall not be modified except by written instrument executed by all parties.

(Dresser Decl. Ex. 3 at 32.)  Both Sterling and Jay Moses signed the Development and Construction Loan Agreement.  (Dresser Decl. Ex. 3 at 33.)  The only evidence of a contrary intent is Jay Moses's own statement in his declaration that:

> Mr. Dresser and I have discussed and he knew that I did not have sufficient income to make interest payments.  I was not involved in the calculation of the interest reserve and I was concerned about what would happen if the interest reserve was depleted.  I asked Mr. Dresser what would happen if the interest reserve was not enough.  He told me that there was sufficient money in the loan and that they would simply create a "new reserve" and that they did it all the time.  I was surprised when the bank asked me to pay the interest as I am quite sure that we both agreed that the interest would be paid through the loan.

(Moses Decl. ¶ 8.)  The Court finds that Jay Moses's own statements, without further substantiating proof, do not equate to "substantial evidence" of a contrary intent.  Thus, as a matter of law the loan documents constitute a fully integrated contract.

//

*Discussion*

A. Summary Judgment on the Note and Deed of Trust

Sterling's motion for summary judgment on the Note and Deed of Trust should be granted. The record establishes that JHM has failed to pay the interest accruing on the Note from and after April 1, 2008, and has failed to pay the balance of the Note when it was due in full on November 1, 2008. (Dresser Decl. ¶ 8.) Failure to make the payments due under the Note is a default. (Dresser Decl. Ex. 1 at 2.) The Note is secured by a Deed of Trust, which encumbers certain property described therein, located in Washington County, Oregon. (Dresser Decl. Ex. 2.) A default under the Note constitutes a default under the Deed of Trust and allows Sterling to foreclose. (Dresser Decl. Ex. 2 at 14.)

JHM Defendants argue that there is no express language requiring JHM to pay the interest that accrued on the loan if the interest reserve fund became depleted, but this argument is contrary to the Note's plain language. The first page of the Note provides: "Interest accrued on this Note shall be due and payable on the first day of each month commencing with the first month after the Effective Date." (Dresser Decl. Ex. 1 at 1.) The "Effective Date" is defined as the date the Deed of Trust is recorded in the official records, which was November 28, 2006 (Dresser Decl. Ex. 3 at 3; Compl. ¶ 3) In addition, the Development and Construction Loan Agreement specifically provides: "Depletion of the Interest Reserve **shall not release** Borrower from any of Borrower's obligations under the Loan Documents, including, without limitation, **payment of all accrued interest**." (Dresser Decl. Ex. 3 at 11; emphasis added.) Thus, the Note's clear terms conclusively refute the JHM Defendants' position on this point. Because JHM Defendants have clearly defaulted

{TDW}

FINDINGS AND RECOMMENDATION          10

under the terms of the loan documents, summary judgment should be granted.

B. Summary Judgment on the Moses Guaranty and the George Guaranty

Sterling's motion for summary judgment on the Moses Guaranty and the George Guaranty should be granted. As of February 27, 2009, there was due and owing under the Moses Guaranty and the George Guaranty the sum of $3,504,919. (Compl. ¶ 15.) Sterling has performed all conditions on its part to be performed under the terms of the Moses Guaranty and the George Guaranty. Both parties would be jointly and severally liable to Sterling for the deficiency left after the property is sold at judicial sale. OR. REV. STAT. § 88.060(2) (2009).

Defendant George[3] asserts in his answer, that there was no consideration for his guaranty, but this defense fails as a matter of law. Sterling's agreement as the lender to extend future credits and loans to JHM, the debtor, requires no further consideration for the George Guaranty to be effective. *Citizens Banks v. Pioneer Inv. Co.*, 271 Or. 60, 63 (1975). Nonetheless, "consideration" under Oregon law exists if there is any benefit to the defendant or any detriment to the plaintiff. *Emmert v. No Problem Harry, Inc.*, 222 Or. App. 151, 155 (2008). A promisor receives consideration if he receives some right, interest, profit, or other benefit from the promisee. *Id.* A promisee gives consideration if it suffers some detriment, provides some forbearance, takes on some responsibility, or suffers some less. *Id.* Therefore, to establish a *prima facie* case of lack of consideration, here defendant George must prove: (1) that he received no benefit in exchange for his guaranty, and (2) the Sterling suffered no detriment, incurred no additional responsibility, and suffered no loss in exchange for the George Guaranty. Defendant George cannot prove these

---

[3] George submitted no memorandum in opposition to Sterling's motion.

{TDW}

elements because Sterling's loan to JHM is a clear detriment given in exchange for the George Guaranty and the record demonstrates that Sterling would not have made the loan to JHM without the George Guaranty. (Dresser Decl. ¶ 21.) Therefore, defendant George's lack of consideration defense fails as a matter of law.

C. Summary Judgement on the JHM Defendants' Affirmative Defenses

The JHM Defendants' first affirmative defense of breach of contract fails as a matter of law. The JHM Defendants allege that Sterling breached the loan agreements by "failing and refusing to make timely disbursements to fund the development of the property." (Answer ¶ 21.) However, under the Construction and Development Agreement § 3.1(a), Sterling has no obligation to disburse any funds if the Note is in default. (Dresser Decl. Ex. 3 at 7.) Furthermore, all requests to Sterling for loan disbursements from JHM must be in writing. (Dresser Decl. Ex. 3 at 8.) No written request for disbursement from JHM was ever denied. (Dresser Decl. ¶ 15.) The only disbursement request which was not honored by Sterling was an oral request made by Jay Moses after the Note was in default for failure to make the April 1, 2008, interest payment. (Dresser Decl. ¶ 16; Moses Decl. ¶ 13.) Under the contract, Sterling had no obligation to make a disbursement on an oral request when the Note is in default. The JHM defendants' first affirmative defense thus fails as a matter of law.

The JHM Defendants' second affirmative defense for breach of the implied covenant of good faith and fair dealing also fails as a matter of law. The JHM Defendants allege that Sterling "ordered" JHM not to purchase a performance bond as required by the City of Forest Grove. (Answer ¶ 23.) Instead, they allege, Sterling "promised" JHM a set aside letter whereby cash proceeds would be reserved to be used in lieu of a bond. (Answer ¶ 23.) Thus, the JHM Defendants

contend Sterling "breached the implied covenant of good faith and fair dealing by delaying its approval of the 'set aside letter' until JHM's interest reserves paid monthly to Sterling were exhausted." (Answer ¶ 24.)

The deposition of Jay Moses refutes these assertions. Jay Moses stated that Sterling never "ordered" JHM to use a set aside agreement. (Moses Dep. 57:1-:2.) JHM did not request Sterling to approve a set aside agreement. (Dresser Decl. ¶ 20.) Jay Moses also stated that he had no information that Sterling delayed in responding to any requests of JHM for a set aside agreement. (Moses Dep. 75:11-76:12.) Therefore, the affirmative defense for breaching the implied covenant of good faith and fair dealing fails as a matter of law.

Finally, the JHM Defendants also allege the affirmative defenses of equitable estoppel, failure to state a claim, and unclean hands. These defenses are based on the conduct alleged in the first two affirmative defenses. Because factually there is no merit to those affirmative defenses, the claims for equitable estoppel, failure to state a claim, and unclean hands likewise are without merit.

### Conclusion

For the reasons stated above, Sterling's motion for summary judgment (#30) should be GRANTED.

### Scheduling Order

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 3, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy

FINDINGS AND RECOMMENDATION    13    {TDW}

of the objections.  When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 17th day of February 2010

JOHN V. ACOSTA
United States Magistrate Judge